

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XX~~WILL WILSON~~XX
ATTORNEY GENERAL

Honorable Joseph H. Mims
County Attorney
Midland County
Midland, Texas

Dear Sir:

Opinion No. O-5470
Re: Is the commissioners' court of
Midland County authorized to
allow ex officio salary to the
justice of the peace?

This will acknowledge receipt of your letter of recent date requesting the opinion of this department on the above stated question. You have informed us that justices of the peace of Midland County are compensated on a fee basis; therefore, not being salaried officers, they are not affected by subsection (b) of Section 6 of Article 3912e, Revised Civil Statutes, inhibiting compensation for ex officio services.

Article 3895, Revised Civil Statutes, provides as follows:

> "The Commissioners' Court is hereby debarred from allowing compensation for ex officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation of the officials for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

You have expressed the opinion that the above quoted article does not authorize a commissioners' court to pay a justice of the peace for ex officio services. For your reasons in reaching such a conclusion we quote in part from your letter as follows:

"....Article 3895 speaks of 'county officials'; other articles dealing with fees of office distinguish between county officials and precinct officers.  Therefore it would seem that the maxim, 'The expression of one thing excludes the other,' applies here."

In other words, you are segregating the officers named under the articles pertaining to fees of office into groups, and by applying the above maxim quoted from your letter are limiting the scope of Article 3895, supra, to one of these groups.  Maxims or rules of construction used in interpreting statutes are not arbitrary rules, but are merely used by the courts as a means of ascertaining the legislative intent of the law makers.  Such rules will not be adhered to in statutory constuction when their application will defeat the purpose of the statute.

The primary query presented by your request is whether or not justices of the peace are "county officials" within Article 3895, supra.  In arriving at an answer to this question, we do not think too much emphasis should be placed upon the fact the articles dealing with fees of office speak of "county, precinct and district officers, "for up to 1934 these same officers named in our present articles on fees of office were all designated as county officers. We cannot say or conclude that this change of language was intended or designed by the Legislature to alter the scope of Article 3895, supra, which has long been on the statute books, in the absence of some specific expression to that effect.

We have found no authority naming those who are within the purview of this article or directly on the question if a justice of the peace is included thereunder.  It was held in Conference Opinion No. 2166, dated December 12, 1919, approved by former Attorney General C.M. Cureton, that justices of the peace were county officials within the meaning of Article 3893 (now Article 3895).  The reasons for so holding are fully stated in the opinion, a copy of which is herewith enclosed.  Since the writing of that opinion, the Legislature has not materially altered the statute providing for compensation for ex officio services; in fact, the only change that has been made thereto was by the 43rd Legislature in adding the proviso requiring an opportunity for public hearing and the affirmative vote of at least three members of the commissioners' court.  We held in our Opinion No. 0-125 that ex officio compensation may be allowed justices of the peace.  A copy of that opinion is also enclosed.

Your attention is called to that portion of the enclosed conference opinion where the writer therein elucidated upon the nature of ex officio services and that compensation therefor should only be allowed when such services have been performed.

It is, therefore, the opinion of this department that the commissioners' court of Midland County, by complying with the provisions of Article 3895, supra, may allow compensation to its justices of the peace for ex officio services rendered by them.

Very truly yours

APPROVED AUG. 11, 1943          ATTORNEY GENERAL OF TEXAS
GROVER SELLERS
ATTORNEY GENERAL                By     Fred C. Chandler
                                              Assistant

ROK:db:ml                       Robert O. Koch
Enclosures